FILED
DEC X 4 2007
DEC 4 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GMAC REAL ESTATE, LCC, <br><br> Plaintiff, <br><br> vs. <br><br> GARROW REAL ESTATE, LLC <br> d/b/a GARROW GMAC REAL ESTATE <br> and ROBERT GARROW, <br><br> Defendants. | No. **07C 6803** <br><br> JUDGE MANNING <br> MAGISTRATE JUDGE COX |

### PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff GMAC REAL ESTATE, LLC ("Plaintiff" or "GMACRE"), respectfully moves this Court to enter a temporary restraining order against Defendants GARROW REAL ESTATE, LLC d/b/a GARROW GMAC REAL ESTATE and ROBERT GARROW (collectively "Defendants" or "Garrow"), and in support of its motion, states as follows:

1. Plaintiff GMACRE is engaged in the business of granting others the right to operate residential real estate brokerage offices using various trade and service marks, including the mark "GMAC ® Real Estate" and other marks (the "GMAC Marks"). In June 2006, Plaintiff entered into a franchise agreement with Defendants which permitted Defendants the right to operate a GMAC real estate brokerage with the limited use of the GMAC Marks. Thereafter, Defendants breached the franchise agreement by failing to make the requirement payments and GMACRE terminated the franchise. GMACRE also filed a Demand for Arbitration with the American Arbitration Association as required by the franchise agreement. Although the agreement requires arbitration, it specifically permits GMACRE the ability to seek a temporary

restraining order in the courts including for improper use of its marks. See Exhibit A to complaint, franchise agreement at paragraph no. 23. On October 22, 2007, Plaintiff advised Defendants of the termination of the franchise agreement and further instructed Defendants to cease using the GMAC Marks within 10 days thereafter. As of November 12, 2007, Defendants were still using the GMAC Marks, causing irreparable injury to Plaintiff GMACRE.

2. As set forth in detail in Plaintiff's accompanying Memorandum, Plaintiff asks this Court to enjoin Garrow from using Plaintiff's trade and service marks, including the mark "GMAC ® Real Estate" (the "GMAC Marks"). In addition, Plaintiff requests that this Court order Garrow to return all of Plaintiff's property in its possession and control. Also, Plaintiff requests that this Court order Garrow to cease violating the non-compete provision in the agreement, including owning and/or operating any real estate brokerage business.

3. Plaintiff satisfies all of the elements upon which this Court can issue a temporary restraining order against Garrow.

4. First, Plaintiff's Verified Complaint and exhibits, as well as Plaintiff's accompanying Memorandum of Law, demonstrate that Plaintiff has a reasonable likelihood of success on the merits of its claims. The franchise agreement specifically requires that Defendants cease using the GMAC Marks within ten days of the October 22, 2007 termination. The Affidavit of Charles Formicola makes clear that Defendants are still using the GMAC Marks long after the termination date and the grace period has expired. The agreement also requires that Defendants refrain from engaging in a competitive real estate brokerage operation after the termination of the agreement. Defendants' use of the GMAC Marks and operation of a real estate business violates the franchise agreement.

5.       Second, Plaintiff has demonstrated that if injunctive relief is not granted, it will suffer irreparable injury for which money damages cannot adequately compensate. Loss of or damage to goodwill and/or business reputation which will occur through the unauthorized use of the GMAC Marks, is both an irreparable injury and an injury for which money damages are inadequate. Moreover, the violation of a non-compete agreement also constitutes both an irreparable injury and an injury for which money damages are inadequate.

6.       Defendants' misconduct must be enjoined because of the risk that Plaintiff would lose goodwill, competitive position in the industry and continuity of business relationships with its customers and employees, none of which can be adequately compensated by money damages. There is ample legal authority to support Plaintiff's proposition that damage to or loss of goodwill is not readily calculable. *Consumer Sales and Marketing Inc. v. Digital Equipment Corp.*, No. 95 C 5049, 1995 WL 548765,*3 (N.D. IL, Sept. 13, 1995) Moreover, the diminution of Plaintiff's future profits that would result from Defendants' improper use of the GMAC Marks and breach of the non-compete provision are similarly difficult to calculate.

7.       Third, if this Court enters Plaintiff's proposed temporary restraining order, Defendants will not suffer any irreparable harm, in sharp contrast to the substantial harm to Plaintiff's business that Plaintiff has experienced and will continue to experience if injunctive relief is not granted. A temporary restraining order prohibiting Defendants from using any GMAC Marks and from engaging in any real estate brokerage operations merely requires Defendants to comply with the terms of the franchise agreement that it executed with Plaintiff in June 2006. In addition, Plaintiff asked Garrow to cease using the GMAC Marks in October, 2007.

8.  Finally, the last factor in determining whether to issue a temporary restraining order is satisfied because there is no indication that the relief requested by Plaintiff would harm the public interest.

9.  The franchise agreement which forms the basis for this Motion allows for Plaintiff to recover any attorney's fees and costs associated with pursuing this action.

WHEREFORE, Plaintiff GMAC REAL ESTATE, LLC respectfully requests that this Court enter an Order:

1.  Enjoining Defendants Garrow Real Estate, LLC, d/b/a Garrow GMAC Real Estate and Robert Garrow from using any and all trade and service marks of Plaintiff, including the mark "GMAC ® Real Estate";

2.  Requiring Defendants Garrow Real Estate, LLC, d/b/a Garrow GMAC Real Estate and Robert Garrow to immediately return any and all of Plaintiff's property in their possession and control within 24 hours of the receipt of this Court's temporary restraining order;

3.  Prohibiting Garrow from engaging in any real estate brokerage operations;

4.  Compensating Plaintiff for its actual damages for trademark infringement, including, but not limited to all profits realized by Defendants from business conducted through use of Registered Marks following October 22, 2007;

5.  Compensating Plaintiff for its costs in this action, including its reasonable attorney's fees, plus pre- and post-judgment interest; and

6.  Entering any and all other relief it deems necessary and appropriate.

Respectfully submitted,

GMAC REAL ESTATE, LLC

_____
One of its attorneys

Thomas F. Falkenberg
Thomas C. Koessl
Eric R. Lifvendahl
WILLIAMS MONTGOMERY & JOHN LTD.
Attorneys for Plaintiff
20 North Wacker Drive
Suite 2100
Chicago, IL 60606
312-443-3200
27621.00BUBV/dmw/Document #: 759716                              #412