27621.00BUBV/dmw/Document #: 762342                                        #412

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GMAC REAL ESTATE, LCC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.   07 C 6803 |
| ) | |
| GARROW REAL ESTATE, LLC ) | |
| d/b/a GARROW GMAC REAL ESTATE ) | |
| and ROBERT GARROW, ) | |
| ) | |
| Defendants. ) | |

**MOTION FOR DEFAULT JUDGMENT AGAINST GARROW REAL ESTATE LLC**

Plaintiff GMAC Real Estate, LLC ("GRE"), by its attorneys, Williams Montgomery & John Ltd., pursuant to Federal Code of Civil Procedure 55, for its Motion for Default Judgment Against Defendant, Garrow Real Estate, LLC d/b/a Garrow GMAC Real Estate ("Garrow LLC"), states:

1. The instant action is a dispute between GRE as franchisor and Garrow LLC as franchisees based upon Garrow LLC's failure to pay the appropriate fees in accordance with the franchise agreement. Under the franchise agreement, GRE terminated the agreement following Garrow LLC's failure to cure the defaults, i.e., pay outstanding fees. In November 2007, GRE also filed a Demand for Arbitration with the American Arbitration Association, seeking, *inter alia*, damages in the amount of $2,386,435.30, consisting of unpaid fees owed to GRE pursuant to the franchise agreement, unpaid notes, and future revenues owed to GRE pursuant to the franchise agreement. That arbitration proceeding is pending.

2. On December 4, 2007, GRE filed an Emergency Motion For Temporary Restraining Order to stop Defendants' continued improper use of GRE's registered logos and trademarks and stop further damage to GRE's business and good will. This Court denied the request for emergency relief.

3. Also on December 4, 2007, GRE filed a Verified Complaint For Injunctive And Other Relief (the "Complaint") with this Court. A copy of said Complaint, exclusive of the exhibits, is attached hereto as Exhibit A. The Complaint contains counts for (1) breach of contract (franchise agreement) (Count I), (2) breach of contract (non-compete provision) (Count II), (3) federal trademark infringement under 15 U.S.C. 1114 (Count III) and (4) common law trademark infringement (Count IV). The relief sought in the Complaint is to (1) enjoin Defendants from using any and all trade and service marks of GRE, including the mark "GMAC ® Real Estate," (2) require Defendants to immediately return any and all of GRE's property in their possession, (3) enjoin Defendants from providing real estate brokerage services, (4) compensate GRE for its actual damages for trademark infringement following the termination, including, but not limited to, all profits unfairly realized by Defendants from business conducted through use of all trade and service marks of GRE, including the mark "GMAC ® Real Estate," (5) compensate GRE for its costs in this action, including, but not limited to, its reasonable attorney's fees, plus pre-and post-judgment interest and (6) all other relief deemed necessary and appropriate, which should include the payment of the fees Defendants owe GRE.

4. On December 13, 2007, the Complaint was served on Defendants. A copy of the Verified Return Of Service is attached hereto as Exhibit B.

5. According to Federal Rule of Civil Procedure ("FRCP") 12(a)(1)(A), Defendants' appearance and responsive pleading was due twenty days after service or, on January 2, 2008. To date, neither an appearance nor a responsive pleading has been filed by Defendants. By failing to answer or otherwise respond, Defendants are in default.

6. On January 11, 2008, Defendant Robert Garrow commenced personal bankruptcy proceedings in the Western District of Michigan, case no. 08-00226. The instant motion for default judgment is proceeding only against Garrow LLC.

7. The Verified Complaint establishes both personal and subject matter jurisdiction and each of the elements of the causes of action in each count. See Exhibit A. For purposes of the instant motion, all of the allegations of the Complaint are taken as true. *Dundee Cement Company v. Howard Pipe Concrete Products, Inc.*, 722 F.2d 1319 (7th Cir. 1983). In the Complaint, Plaintiff seeks, *inter alia*, injunctive relief, which is an appropriate remedy under the causes of action alleged in the Complaint. Default judgment can be entered on matters seeking injunctive relief. See, e.g., *Carpenter Labor-Management Fund v. Freeman-Carder, LLC*, 498 F. Supp.2d 237 (D.D.C. 2007)(Injunctive relief appropriate under complaint, with company in default showing no willingness to comply with the contractual or statutory obligations or participate in the judicial process.) GRE indeed is entitled to default judgment against Defendant Garrow LLC in this action.

WHEREFORE, Plaintiff prays for default judgment against Defendant Garrow LLC, with the following relief:

1. Enjoining Defendant Garrow Real Estate, LLC, d/b/a Garrow GMAC Real Estate from using any and all trade and service marks of Plaintiff, including the mark "GMAC ® Real Estate";

2. Requiring Defendant Garrow Real Estate, LLC, d/b/a Garrow GMAC Real Estate to immediately return any and all of Plaintiff's property in their possession and control within 24 hours of the receipt of this Court's order, including all signs, documents, sales literature or material used in that sale of real estate that was obtained from GMAC or contains the GMAC name or mark;

3. Enjoining Defendant Garrow Real Estate, LLC, d/b/a Garrow GMAC Real Estate from providing real estate brokerage services;

4. Compensating Plaintiff its costs in this action, including its reasonable attorney's fees; and

5. Entering any and all other relief it deems necessary and appropriate.

Respectfully submitted,

By: _____
One of the Attorneys for Plaintiff

Eric R. Lifvendahl
Thomas C. Koessl
Williams Montgomery & John Ltd.
20 North Wacker Drive
Suite 2100
Chicago, IL 60606
(312) 442-3200

4