27621-00RUBY/dmw/Document #: 759718                    #412

RECEIVED

DEC 0 4 2007   UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF ILLINOIS
MICHAEL W. DOBBINS    EASTERN DIVISION
CLERK, U. S. DISTRICT COURT

| | |
|---|---|
| GMAC REAL ESTATE, LCC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 07C 6803 |
| ) | |
| GARROW REAL ESTATE, LLC ) | JUDGE MANNING |
| d/b/a GARROW GMAC REAL ESTATE ) | |
| and ROBERT GARROW, ) | MAGISTRATE JUDGE COX |
| ) | |
| Defendants. ) | |

## VERIFIED COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Plaintiff GMAC Real Estate, LLC ("Plaintiff" or "GMACRE"), by its attorneys, Williams Montgomery & John Ltd. for its Verified Complaint for Injunctive and Other Relief against Defendants, Garrow Real Estate, LLC d/b/a Garrow GMAC Real Estate ("Garrow LLC") and Robert Garrow ("Garrow") (collectively "Defendants"), alleges as follows:

### PARTIES

1. GMACRE is a limited liability company organized and existing under the laws of the State of Delaware having its principal place of business in the Oakbrook, Illinois. GMACRE is engaged in the business of granting to others ("franchisees") the right to operate residential real estate brokerage offices using various trade and service marks, including the mark "GMAC® Real Estate" (the "GMAC Marks").

2. Upon information and belief, Garrow is a resident and citizen of the State of Michigan. Garrow is a former franchisee of GMACRE.



3. Garrow LLC is a limited liability corporation organized and existing under the laws of the State of Michigan. Garrow LLC is a former franchisee of GMACRE.

4. For many years prior to the acts complained of herein, GMACRE has been continuously engaged in the business of operating a real estate franchise system.

5. This is an action for breach of contract and trademark infringement under the federal trademark statute and common law. The instant dispute arises out of Defendants' continued improper use of the GMAC Marks.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court also has subject matter jurisdiction under 28 U.S.C. § 1331, by virtue of the federal questions raised by plaintiff in regard to defendants' violation of federal infringement laws, 15 U.S.C. § 1114. This Court has personal jurisdiction over Defendants because the place of performance of the franchise agreement is in Oakbrook, Illinois at GMACRE's headquarters. Defendants had numerous contacts with Plaintiffs at the Oakbrook, Illinois offices and Defendants were aware that they were doing business with Plaintiff in Oakbrook.

7. This action is properly venued in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. 1391(a) because this is the district in which a substantial part of the events or omissions giving rise to the claim occurred.

## ALLEGATIONS COMMON TO ALL COUNTS

8. On or about June 1, 2006, Garrow LLC entered into a new written GMAC Real Estate, LLC Real Estate Franchise Agreements (collectively "Franchise Agreement") with

GMACRE pursuant to which GMACRE granted Garrow LLC the right to operate numerous residential real estate franchise offices in Michigan. A true and correct copy of the Franchise Agreement is attached hereto as Exhibit A.

9. Under the Franchise Agreement, Garrow LLC received, among other things, a limited license to use the GMAC Real Estate Marks in connection with the operation of that office. (See Section 3 of the Franchise Agreement.) The term of the Franchise Agreement was ten (10) years.

10. Garrow breached its agreement and was given notice of termination pursuant to Section 18 of the agreement on October 22, 2007. See Exhibit B.

11. On November 9, 2007, GMACRE filed a demand for arbitration to recover monies owed pursuant to the franchise agreement. Under Paragraph 23 of the Franchise Agreement, "except for controversies, disputes or claims related to the improper use of the Marks," disputes "must be submitted for arbitration . . . to the (AAA)." See Exhibit A, franchise agreement at paragraph no. 23. Thus, any dispute with respect to the continued use of the GMAC Marks is specifically carved out of the arbitration provision. Defendants continue to use the GMAC Marks and the AAA cannot grant the injunctive relief sought in this action.

12. Under Paragraph 19C of the Franchise Agreement, GMACRE is entitled to recover any of its attorney's fees and costs it incurs in connection with Garrow LLC's post-termination obligations.

13. Garrow LLC and Garrow have failed to stop using the GMAC Marks. At least as of November 13, 2007, Garrow LLC and Garrow contiue to use the GMAC Marks. See Exhibit C. Plaintiff has attached photographs and advertisements personally observed by Charles

Formicola. *See* Exhibit C for affidavit of Mr. Formicola and the photographs and advertisements.

14. Garrow also executed an Endorsement of Principals agreeing to be personally bound by the provisions of the Franchise Agreement relating to, among others, and financial obligations and use of the marks after default.

15. Pursuant to Section 8 of the Franchise Agreement, Garrow LLC and Garrow as owner of Garrow LLC, agreed to a non-compete provision.

16. Specifically, Garrow LLC and Garrow agreed that for the Term of the Franchise Agreement they would not directly or indirectly "establish or have an interest in: (a) any real estate brokerage franchising or similar system or service, . . . (b) any real estate brokerage operation or business or real estate information center, . . . or (c) any business offering real estate settlement services and/or products . . ." (See Exhibit A, Section 8.)

17. To date, Garrow LLC and Garrow continue to directly and indirectly provide and/or have an interest in a real estate brokerage business insofar as they are still using the GMAC Marks in the business. Moreover, Garrow LLC and Garrow are supposed to refrain from engaging in any competitive business.

18. GMACRE has fully performed its obligations under the Franchise Agreement.

19. Garrow LLC breached the Franchise Agreement by, among other things, failing and refusing to stop using the GMAC Marks and competing with Plaintiff.

20. As a direct and proximate result of Garrow LLC's breaches of the Franchise Agreement, GMACRE has suffered and continues to suffer irreparable injury.

## COUNT I

### (Breach of Contract – Franchise Agreement)

21. GMACRE realleges and incorporates herein by reference paragraphs 1 through 20 of this Complaint Demand as if fully set forth herein.

22. On or about June 1, 2006, GMACRE and Defendants negotiated and executed a franchise agreement which provided for, *inter alia*, (1) Defendants' payment of fees to GMACRE and (2) the limited use of the GMAC Marks. *See* Exhibit A, franchise agreement.

23. Thereafter, Defendants breached the franchise agreement by failing to pay the requisite fees.

24. Once Defendants breached the franchise agreement, they could no longer use the GMAC Marks as permitted under the franchise agreement and GMACRE notified Defendants to cease using said Marks in its Notice of Termination letter dated October 22, 2007. *See* Exhibit B.

25. As of November 13, 2007, Defendants continued to use the GMAC Marks in operating the same real estate brokerage business. GMACRE has photographs and advertisements of Defendants that depict the improper use of the GMAC Marks. See Exhibit C. Said continued use of the GMAC Marks is a continuing breach of the franchise agreement.

26. As a direct and proximate result of the breaches of the franchise agreement, GMACRE has suffered and continues to suffer irreparable injury.

27. GMACRE has fully performed its obligations under the Franchise Agreement

WHEREFORE, Plaintiff prays that this Court enter an order:

1. Enjoining Defendants Garrow Real Estate, LLC, d/b/a Garrow GMAC Real Estate and Robert Garrow from using any and all trade and service marks of Plaintiff, including the mark "GMAC ® Real Estate";

2. Requiring Defendants Garrow Real Estate, LLC, d/b/a Garrow GMAC Real Estate and Robert Garrow to immediately return any and all of Plaintiff's property in their possession and control within 24 hours of the receipt of this Court's temporary restringing order;

3. Enjoining Defendants Garrow Real Estate, LLC, d/b/a Garrow GMAC Real Estate and Robert Garrow from providing real estate brokerage services;

4. Compensating Plaintiff its actual damages for trademark infringement, including, but not limited to all profits realized by Defendants from business conducted through use of Registered Marks following October 22, 2007;

5. Compensating Plaintiff its costs in this action, including its reasonable attorney's fees, plus pre- and post-judgment interest; and

6. Entering any and all other relief it deems necessary and appropriate.

## COUNT II

### (Breach of Contract Against Garrow – Non-Compete)

28. GMACRE realleges and incorporates herein by reference paragraphs 1 through 27 of this Complaint Demand as if fully set forth herein.

29. On or about June 1, 2006, GMACRE and Defendants negotiated and executed a franchise agreement which provided for, *inter alia*, (1) Defendants' payment of fees to GMACRE and (2) the limited use of the GMAC Marks. *See* Exhibit A, franchise agreement.

30. Thereafter, Defendants breached the franchise agreement by failing to pay the requisite fees.

31. Once Defendants breached the franchise agreement, they could no longer use the GMAC Marks as permitted under the franchise agreement and GMACRE notified Defendants to cease using said Marks in its Notice of Termination letter dated October 22, 2007. *See* Exhibit B.

32. As of November 13, 2007, Defendants continued to use the GMAC Marks in operating the same real estate brokerage business. GMACRE has photographs and

advertisements of Defendants that depict the improper use of the GMAC Marks. See Exhibit C. Said continued use of the GMAC Marks is a continuing breach of the franchise agreement.

33. In further breach of the franchise agreement, Garrow is still operating a real estate brokerage business, even one using Plaintiff's own marks, to compete.

34. As a direct and proximate result of the breaches of the franchise agreement, GMACRE has suffered and continues to suffer irreparable injury.

35. GMACRE has fully performed its obligations under the Franchise Agreement.

36. Garrow breached the Franchise Agreement by, among other things, continuing to directly or indirectly provide real estate brokerage services using the GMAC Marks in violation of Section 8 of the Franchise Agreement.

WHEREFORE, Plaintiff prays that this Court enter an order:

1. Enjoining Defendant Robert Garrow from using any and all trade and service marks of Plaintiff, including the mark "GMAC ® Real Estate";

2. Requiring Defendant Robert Garrow to immediately return any and all of Plaintiff's property in their possession and control within 24 hours of the receipt of this Court's temporary restraining order;

3. Enjoining Defendant Robert Garrow from providing real estate brokerage services;

4. Compensating Plaintiff its actual damages for trademark infringement, including, but not limited to all profits realized by Defendants from business conducted through use of Registered Marks following October 22, 2007;

5. Compensating Plaintiff its costs in this action, including its reasonable attorney's fees, plus pre- and post-judgment interest; and

6. Entering any and all other relief it deems necessary and appropriate.

## COUNT III

### (Federal Trademark Infringement, 15 U.S.C. § 1114)

37. GMACRE re-alleges and incorporates herein by reference paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. GMACRE, through its parent entity, has been and is now the owner of all right, title, interest and good will in and to the trademarks, service marks and logos utilized to identify its services to the public, including but not limited to the "GMAC" service mark and a mark consisting of a logo comprised of a design of two trees and the outline of a house (the "double tree and house logo"), hereinafter referred to as the "Registered Marks." Since at least 1977, GMACRE, including through its predecessors in interest, has continuously used the Registered Marks to identify its services to the public.

39. From 1977 to the present, GMACRE, both for itself and through its predecessors in interest, has generated substantial revenues from its real estate services and has spent substantial sums in advertising these services using the Registered Marks.

40. As a result of the extensive advertising of, and substantial revenues generated from, the services identified with the Registered Marks, such marks have become extremely well known to the public and to customers, and are a highly distinctive indication of origin. The Registered Marks further each qualify as distinctive marks under 15 U.S.C. § 1125(c).

41. The GMAC Real Estate Mark was duly registered with the U.S. Patent and Trademark Office through U.S. Certificate of Registration Number 2612792, issued on August 27, 2002.

42. The "double tree and house" Mark was duly registered with the U.S. Patent and Trademark Office through U.S. Certificate of Registration 1241435, issued on June 7, 1983.

43. Pursuant to Section 19 of the Franchise Agreement, upon termination, all right and license granted to Defendants to use or display the Registered Marks was immediately terminated.

44. Notwithstanding termination of the Franchise Agreement on October 22, 2007, Defendants each, knowingly and willfully, and with conscious and deliberate disregard of the rights of GMACRE to exclusive control over the Registered Marks, continued to aggressively and openly use and display the Registered Marks in connection with the promotion of the Garrow LLC businesses to use signage displaying the Registered Marks, to post listings of available real estate opportunities on which the Registered Marks were displayed, and to otherwise identify the Garrow LLC business to the public using the Registered Marks, all despite demands from GMACRE to cease such activity following termination of the Franchise Agreement.

45. Upon information and belief, Defendants derived significant profits and other benefits from the unauthorized use of the Registered Marks following termination of the Franchise Agreement.

46. As a direct and proximate result of the conduct of Defendants, GMACRE has suffered irreparable injury and will continue to be injured in an amount to be determined according to proof.

47. The acts of Defendants as stated above were committed willfully and intentionally, such that this an exceptional case under 15 U.S.C. § 1117(a), so as to justify an increase in the damages awarded to GMACRE by three times the initial amount, plus an award of attorneys fees and costs incurred in pursuing this action.

WHEREFORE, Plaintiff prays for entry of an order against Defendants as follows:

1. Enjoining Defendants Garrow Real Estate, LLC, d/b/a Garrow GMAC Real Estate and Robert Garrow from using any and all trade and service marks of Plaintiff, including the mark "GMAC ® Real Estate";

2. Requiring Defendants Garrow Real Estate, LLC, d/b/a Garrow GMAC Real Estate and Robert Garrow to immediately return any and all of Plaintiff's property in their possession and control within 24 hours of the receipt of this Court's temporary restraining order;

3. Enjoining Defendants Garrow Real Estate, LLC, d/b/a Garrow GMAC Real Estate and Robert Garrow from providing real estate brokerage services;

4. Compensating Plaintiff its actual damages for trademark infringement, including, but not limited to all profits realized by Defendants from business conducted through use of Registered Marks following October 22, 2007;

5. Compensating Plaintiff its costs in this action, including its reasonable attorney's fees, plus pre- and post-judgment interest; and

6. Entering any and all other relief it deems necessary and appropriate.

## COUNT IV

### (Common Law Trademark Infringement)

48. GMACRE realleges and incorporates herein by reference paragraphs 1 through 47 of this Complaint, as if fully set forth herein.

49. Defendants' infringing use of the Registered Marks has caused confusion, mistake and/or deception and caused the public to believe that the services offered by Defendants are the same as those of GMACRE, or that such services were authorized, endorsed, sponsored or approved by GMACRE, or that Defendants were or is connected or associated with GMACRE.

50. Defendants' infringing use of the Registered Marks constitutes willful and deliberate infringement of GMACRE common-law service mark.

51. As a direct and proximate result of Defendants' unlawful activities, GMACRE has suffered irreparable injury and will continue to be injured in amounts to be determined according to proof.

WHEREFORE, Plaintiff prays for entry of a judgment against Defendants as follows:

1. Enjoining Defendants Garrow Real Estate, LLC, d/b/a Garrow GMAC Real Estate and Robert Garrow from using any and all trade and service marks of Plaintiff, including the mark "GMAC ® Real Estate";

2. Requiring Defendants Garrow Real Estate, LLC, d/b/a Garrow GMAC Real Estate and Robert Garrow to immediately return any and all of Plaintiff's property in their possession and control within 24 hours of the receipt of this Court's temporary restraining order;

3. Enjoining Defendants Garrow Real Estate, LLC, d/b/a Garrow GMAC Real Estate and Robert Garrow from providing real estate brokerage services;

4. Compensating Plaintiff its actual damages for trademark infringement, including, but not limited to all profits realized by Defendants from business conducted through use of Registered Marks following October 22, 2007;

5. Compensating Plaintiff its costs in this action, including its reasonable attorney's fees, plus pre- and post-judgment interest; and

6. Entering any and all other relief it deems necessary and appropriate.

Respectfully submitted,

By: One of the Attorneys for Plaintiff

Thomas F. Falkenberg
Thomas C. Koessl
Williams Montgomery & John Ltd.
20 North Wacker Drive
Suite 2100
Chicago, IL 60606
(312) 442-3200

Document #: 759718

## VERIFICATION

I, Jim Toulon, as COO & Executive Vice President of GMAC Real Estate, LLC, have read Plaintiff's Verified Complaint for Injunctive And Other Relief. To the best of my knowledge, the statements contained in Plaintiff's Verified Complaint for Injunctive And Other Relief are true and correct.

_____
Jim Toulon

Subscribed and sworn to before me

this 3RD day of December 2007

_____
Notary Public

OFFICIAL SEAL
SHARON M MARVIN
Notary Public - State of Illinois
My Commission Expires Oct 3, 2011